UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
5:14-cv-123-FDW

| ERIC DALE TEAGUE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| CHARLES MCNULTY, et al., | ) |  |
| Probation Parole Officer, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1).

I. BACKGROUND

Pro se Plaintiff Eric Dale Teague filed this action in the Middle District of North Carolina on November 26, 2013, naming as Defendants Charles McNulty, Tracy Diagacamo, and Wesley Crowe, all identified as probation parole officers with the Caldwell County Parole Office. (Doc. No. 2 at 2). The Middle District transferred the action to this Court by order dated July 14, 2014. (Doc. No. 8). In the Complaint, Plaintiff first alleges that he was "in county jail for approximately 15 months" until he was assigned his first parole officer Defendant Diagacamo on June 25, 2012.[1] (Doc. No. 2 at 3). Plaintiff alleges that on some unspecified date after that Defendant Diagacamo came to his house for a home visit, during which she told Plaintiff she was going to require him to give a urine sample. Plaintiff passed the urinalysis. After that,

---

[1] North Carolina Department of Public Safety records show that Plaintiff was convicted of the felony of failure to appear on June 25, 2012, and he received a sentence of probation.

Defendant Diagacamo "informed [Plaintiff] that she was going to arrest [him] because of a new conviction of drug paraphernalia which occurred before [his] probationary case began." (Id.). Plaintiff alleges that "there were several more incidents where she informed me that her sole purpose was to keep me locked up" and that "I had to do three CRVs [Confinement in Response to Violation] for her." (Id.).

As to Defendants McNulty and Crowe, Plaintiff alleges that McNulty picked him up on May 10, 2013, when Plaintiff was released from Piedmont Correctional Institution. (Id.). Plaintiff alleges that two weeks after his release Defendant McNulty and Defendant Crowe came to Plaintiff's residence and conducted a warrantless search without probable cause. Plaintiff alleges that Defendants McNulty and Crowe searched all of the common areas in his home, Plaintiff's bedroom, and Plaintiff's father's bedroom. (Id.). Plaintiff states that he is bringing claims against Defendants for harassment, excessive force, and negligence. (Doc. No. 2 at 4). As relief, Plaintiff seeks $10,000.00 in damages from each Defendant. (Id.).

**II.    STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

As noted, in this § 1983 action, Plaintiff has sued his former probation officers, and he states that he is bringing claims against the officers for "excessive force," harassment, and negligence. The Court will dismiss this action for failure to state a claim. First, the only alleged claim arising under federal law is the excessive force claim. However, Plaintiff does not allege that any of the named Defendants used force against him, much less excessive force. As to Plaintiff's state law claims for harassment and negligence, the Court will dismiss the action without prejudice to bring such claims against Defendants in state court. To the extent that Plaintiff is attempting to bring a claim for damages based on his contention that Defendants arbitrarily enforced the conditions of his parole, Defendants are entitled to immunity.[2] See Douglas v. Muncy, 570 F.2d 499, 501 (4th Cir. 1978) (where the plaintiff alleged that his parole officer arbitrarily enforced the conditions of his parole, stating that "[w]ith respect to the § 1983 claims, the district court was correct in its conclusion that the members of the Parole Board were

---

[2] Some courts have held that probation officers are entitled to qualified, rather than absolute, immunity based on § 1983 actions arising out of a probation officer's petition to have a defendant's probation revoked. See Ray v. Pickett, 734 F.2d 370 (8th Cir. 1984). The Fourth Circuit Court of Appeals does not appear to have definitively addressed this issue

immune from damages, and [Defendant], in his capacity as a parole officer, was also immune from such liability") (internal citations omitted).

In sum, the Court will dismiss this action.

## IV. CONCLUSION

For the reasons stated herein, this action will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED**. Plaintiff's state law claims are dismissed without prejudice to bring such claims against Defendants in state court.

2. The Clerk is directed to terminate this action.

Signed: July 21, 2014

Frank D. Whitney
Chief United States District Judge